**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10381 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-08194-NVW |
| v. | |
| DAWN DENISE STASZAK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted November 19, 2013**

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Dawn Denise Staszak appeals from the district court judgment and

challenges her jury-trial conviction and one-month custodial and five-month home-

confinement sentence for two counts of unlawful possession of stolen mail, in

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 1708.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Staszak was convicted of possessing stolen mail consisting of two Target gift cards.  Staszak argues that the district court should have excluded evidence that she possessed 29 Walmart gift cards and 10 Kohl gift cards because this constituted inadmissible "other act" evidence under Federal Rules of Evidence 403 and 404(b).  We disagree.  The district court did not abuse its discretion by admitting the Walmart gift card evidence because it was inextricably intertwined with Staszak's arrest and necessary to permit the government to offer a coherent story explaining how evidence was obtained.  *See United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).  The district court did not abuse its discretion by admitting the Kohl gift card evidence under Rule 404(b) because it tended to show Staszak's knowledge and intent.  *See United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008).  The record as a whole demonstrates that the district court properly determined that the probative value of the gift card evidence outweighed its prejudicial effect, and an appropriate limiting jury instruction was given.  *See* Fed. R. Evid. 403; *United States v. Verduzco*, 373 F.3d 1022, 1027, 1029 n.2 (9th Cir. 2004).

Staszak next contends that the district court procedurally erred at sentencing by failing to consider any 18 U.S.C. § 3353(a) factor other than deterrence and by failing to consider her mitigating arguments. She further contends her sentence is substantively unreasonable in light of these errors. The record indicates that the district court did not procedurally err and that Staszak's within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence and the protection of the integrity of the postal service. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**